UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 2 2013

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H- |
| | § | |
| MOHAMMAD JAMAL RASHID | § | 18 U.S.C. §2 |
| Defendant | § | 18 U.S.C. § 371 |
| | § | 18 U.S.C. § 2320(a)(1) |
| | § | 21 U.S.C. §331(c) |
| | § | 21 U.S.C. §333(a)(2) |
| | § | 18 U.S.C. §545 |

13 CR 579



## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy in violation of 18 U.S.C. § 371

#### A. INTRODUCTION

At all times material to this indictment:

1. **MOHAMMAD JAMAL RASHID**, defendant herein, at all times relevant, was a resident of Houston, Texas.

2. The Federal Food Drug and Cosmetic Act, ("FDCA") regulated the importation, delivery, distribution, labeling, and receipt of drugs in interstate commerce. The United States Food and Drug Administration (FDA) was a Federal agency responsible for protecting the health and safety of the American public by ensuring, among other things, that drugs sold for administration to humans were safe and effective. The responsibilities of the FDA included enforcement of the FDCA.

3. Under the FDCA a drug included, (1) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man, and (2) articles other than food,

intended to affect the structure or any function of the body of man. Under the FDCA a counterfeit drug was a drug, a drug's container, or the label of a drug, which without authorization, bore the trademark, trade name, and any other identifying mark, imprint, device, and any likeness thereof, upon it, and which thereby falsely purported and represented to be an authorized product of the authorized drug manufacturer, processor, packer and distributor. Under the FDCA a misbranded drug was any drug with misleading labeling or labeling that was false in any manner. Labeling under the FDCA included all labels and other written, printed, or graphic matter upon any article, and upon any of the drug containers, wrappers, and accompanying articles.

   4. The United States Patent and Trademark Office (USPTO) was the Federal agency that granted United States' patents, registered trademarks, and maintained the principal register of that agency. A trademark was a word, name, symbol, device, and combination thereof, used by a person, to identify and distinguish goods from those manufactured or sold by others, and to indicate the source of the goods. A counterfeit mark was a spurious mark that was identical or substantially indistinguishable from a mark in use and registered on the principle register of the USPTO, that was applied to or used in connection with the goods, documentation, and packaging for which the mark was registered, and the use of which would likely cause confusion, mistake, or deceive.

   5. Viagra® was a drug as defined by the FDCA that was approved for distribution and use, subject to certain conditions, within the United States by the FDA. Pfizer Inc., ("Pfizer") held the trademarks for Viagra®. Viagra® was registered on the principal register of the USPTO by Pfizer. Cialis® was a drug as defined by the FDCA that was approved for distribution and use, subject to certain conditions, within the United States by the FDA. Eli Lilly and Company

("Eli Lilly") held the trademarks for Cialis®. Cialis® was registered on the principal register of the USPTO by Eli Lilly.

## B. THE CONSPIRACY

6. On or about January 11, 2012, and continuing thereafter to on or about January 26, 2012, in the Houston Division of the Southern District of Texas, and elsewhere, defendant,

**MOHAMMAD JAMAL RASHID**

did knowingly, intentionally, and willfully, combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to commit certain offenses against the United States, namely:

    a. To import into the United States merchandise contrary to law, namely counterfeit Viagra® and counterfeit Cialis®, in violation of 18 U.S.C. § 545.

    b. To traffic and attempt to traffic in counterfeit goods, namely counterfeit Viagra® and counterfeit Cialis®, in violation of 18 U.S.C. § 2320(a)(1).

    c. To receive in interstate commerce, and deliver for pay or otherwise, misbranded drugs, namely counterfeit Viagra® and counterfeit Cialis®, in violation of 21 U.S.C. §§ 331(c), and 333(a)(2).

## C. OBJECT OF THE CONSPIRACY

7. The object of the conspiracy was to unlawfully enrich the defendant and others, by importing into the United States counterfeit Viagra® that was misbranded, and counterfeit Cialis® that was misbranded, without the approval of trademark holders Pfizer and Eli Lilly, for unlawful distribution to consumers.

## D. MANNER AND MEANS OF THE CONSPIRACY

The manner and means of the conspiracy included, but were not limited to the following:

8. Rashid would and did store telephone numbers in his telephone contact list with the notations "Zulfiqar Medicine," "Pills Guy Canada," "Zulfiqar. Tina Pak Medicine."

9. Rashid would and did communicate via telephone with an individual identified as "Zulfiqar" concerning the importation of counterfeit Viagra® and counterfeit Cialis®.

10. Rashid would and did request a package containing counterfeit Viagra® and counterfeit Cialis® be sent to his home address, under the name of another person.

11. Rashid would and did receive and claim as his own, a package containing counterfeit Viagra® and counterfeit Cialis® addressed to his home, under the name of another person.

12. Rashid would and did deliver and transfer possession of a package containing counterfeit Viagra® and counterfeit Cialis® to another individual.

### E. OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others were committed in the Southern District of Texas, and elsewhere:

13. On January 26, 2012, Rashid accepted delivery and took possession of a mail package that contained approximately 3,200 counterfeit Viagra® and approximately 4,000 counterfeit Cialis®.

14. On January 26, 2012, Rashid delivered a package of counterfeit Viagra® and counterfeit Cialis® to another individual.

All in violation of Title 18, United States Code, Section 371.

### COUNT TWO
**Trafficking in counterfeit goods in violation of 18 U.S.C. §2320(a)(1)**

1. On or about January 26, 2012, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

**MOHAMMAD JAMAL RASHID**

aided and abetted by others known and unknown to the Grand Jury, did intentionally traffic in goods knowing a counterfeit mark was used on and in connection with the goods, specifically, counterfeit Viagra® bearing the Pfizer trademarks used to identify the prescription drug Viagra®, and which counterfeit marks were identical with and substantially indistinguishable from the genuine marks in use and registered for Viagra® on the principle register of the United States Patent and Trademark Office, and the use of which marks were likely to cause confusion, mistake, and deception, in violation of Title 18, United States Code, Section 2320(a)(1), and Section 2.

## COUNT THREE
### Trafficking in counterfeit goods in violation of 18 U.S.C. §2320(a)(1)

1. On or about January 26, 2012, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

**MOHAMMAD JAMAL RASHID**

aided and abetted by others known and unknown to the Grand Jury, did intentionally traffic in goods knowing a counterfeit mark was used on and in connection with the goods, specifically, counterfeit Cialis® bearing the Eli Lilly trademarks used to identify the prescription drug Cialis®, and which counterfeit marks were identical with and substantially indistinguishable from the genuine marks in use and registered for Cialis® on the principle register of the United States Patent and Trademark Office, and the use of which marks were likely to cause confusion, mistake, and deception, in violation of Title 18, United States Code, Section 2320(a)(1), and Section 2.

## COUNT FOUR
### Misbranded Drugs in violation of 21 U.S.C. §331(c) and 21 U.S.C. §333(a)(2)

1. On or about January 26, 2012, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant

### MOHAMMAD JAMAL RASHID

aided and abetted by others known and unknown to the Grand Jury, with the intent to defraud and mislead, received in interstate commerce, and delivered and proffered for delivery to another person for pay and otherwise, prescription drugs that were misbranded, namely counterfeit Viagra® tablets that were marked in a manner to falsely represent that the tablets were genuine Viagra® tablets when they were not, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

## COUNT FIVE
### Misbranded Drugs in violation of 21 U.S.C. §331(c) and 21 U.S.C. §333(a)(2)

1. On or about January 26, 2012, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant

### MOHAMMAD JAMAL RASHID

aided and abetted by others known and unknown to the Grand Jury, with the intent to defraud and mislead, received in interstate commerce, and delivered and proffered for delivery to another person for pay and otherwise, prescription drugs that were misbranded, namely counterfeit Cialis® tablets that were marked in a manner to falsely represent that the tablets were genuine Cialis® tablets when they were not, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

## COUNT SIX
### Smuggling goods into the United States in violation of 18 U.S.C. §545

1. Beginning on or about January 11, 2012, and continuing thereafter to on or about January 26, 2012, in the Houston Division of the Southern District of Texas, and elsewhere, defendant,

**MOHAMMAD JAMAL RASHID**

aided and abetted by others known and unknown to the Grand Jury, did fraudulently and knowingly import into the United States, merchandise contrary to law, namely the prescription drug Viagra® bearing counterfeit marks which were identical and substantially indistinguishable from the genuine marks in use and registered by the registered trademark holders Pfizer without the authorization and approval of Pfizer, and received and facilitated the transportation of this merchandise knowing it had been imported into the United States contrary to law, including 18 U.S.C. §2320 prohibiting the trafficking of counterfeit drugs, in violation of Title 18, United States Code, Section 545 and Section 2.

## COUNT SEVEN
### Smuggling goods into the United States in violation of 18 U.S.C. §545

1. Beginning on or about January 11, 2012, and continuing thereafter to on or about January 26, 2012, in the Houston Division of the Southern District of Texas, and elsewhere, defendant,

**MOHAMMAD JAMAL RASHID**

aided and abetted by others known and unknown to the Grand Jury, did fraudulently and knowingly import into the United States, merchandise contrary to law, namely the prescription drug Cialis® bearing counterfeit marks which were identical and substantially indistinguishable from the genuine marks in use and registered by the registered trademark holders Eli Lilly, without the authorization and approval of Eli Lilly, and received and facilitated the transportation of this merchandise knowing it had been imported into the United States contrary to law,

including 18 U.S.C. §2320 prohibiting the trafficking of counterfeit drugs, in violation of Title 18, United States Code, Section 545 and Section 2.

## NOTICE OF FORFEITURE
## 18 U.S.C. §982(a)(2)(B); 18 U.S.C. §981(a)(1)(C); 28 U.S.C. §2461(c)

1. Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 981(a)(1)(C), the United States gives notice to defendant

### MOHAMMAD JAMAL RASHID

that upon conviction for a violation of Title 18, United States Code, Sections 545 or 2320, or a conspiracy to commit such violations, as alleged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

## NOTICE OF FORFEITURE
## 18 U.S.C. §2323

1. Pursuant to Title 18, United States Code, Section 2323(b)(1), the United States gives notice to defendant

### MOHAMMAD JAMAL RASHID

that upon conviction for a violation of Title 18, United States Code, Section 2320, as alleged in this Indictment, the United States intends to seek forfeiture of any article, the making or trafficking of which is prohibited by that section; any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such offense; and all property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

## MONEY JUDGMENT

1. Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## SUBSTITUTE ASSETS

1. Defendant is notified that in the event that the property subject to forfeiture, as a result of any act or omission by the defendant,

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value, or

    e. has been comingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of such property, pursuant to Title 21, United States Code 853(p), incorporated by Title 18, United States Code, Sections 982(b)(1) and 2323(b)(2)(A), and by Title 28, United States Code, Section 2461(c).

A TRUE BILL

Original Signature on File

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
Julie M. Redlinger
Assistant United States Attorney